Chief Justice Robertson
relivered the Opinion of the Court.
Judge Nicholas did not sit in this case.
This is an action of ejectment oil a joint and several demise by Alexander b. Bullet, the patentee, and by James M. Mat shall claiming title as his venuee. Judgment was rendeiect lor the plaintiff in tne action.
VV lien i he original (it eci is proved to be h st, and its execution is established b, a subscribing wi.ness, a op¡ sw un t< hate been made out by a clerk, as a true copy, is admissible to show title in the lessor of the plaintiff in ejectment.
Pielinquishment to the slate, by person asserting himself agen t, not operative upon holder of title unless agency proved.
Alleged sun, prise at the rcjeciion of a copy of a writing, not evidence competent to prove n fact, pnsoa°- would justify a new trial.
*317 We shall briefly notice and dispose of the material points in tiie oruer in which they aie presented.
I- Builit having died prior to the date of the demise, there could he no recovery on ms title; and it, therefore, became material to the plaintiff to prove title in the other lessor, Jas. M. Marshall. To uo this, (alter proving the loss of a deed Irom •Builit to j. M. Marshall,) he was permitted to prove by Humphrey Marshall, that lie was a subscribing witness to a deed for the land in contest, executed by Builit to J. M. Marshall in 179¿ — and that other persons well as himself had attested it; and was also permitted to prove, that the deed had been deposited, in tbe proper oflice, for registration, and proved by two of tlie subscribing wisnesses in 1793, but that it was not fully proved within the period required by law — and that it could not be found, but had been casually lost. And thereupon a sworn copy which had been made out by a deputy clerk, was permitted to be read as evidence to the jury. To all this the appellants excepted. But we are of opinion that there was no error in admitting, as legal proof, the facts thus excepted to; they constituted evidence of as high a grade as any of which the case was susceptible.
II. It appeared that Humphrey Marshall, asserting an agemy for James M. Marshall, (who resided in Philadelphia,) relinquished the title oi the latter for tuxes due to the Commonwealth. Upon this fact, the appellants moved the court to instruct the jury that, if H. JSiarshall had, relinquished the title to the Stale, the appellee liad no right to recover. The court reiuseu to give suih an instruction, and the appellants excepted. There was no proof of H. Maishali’s authority to act as agent for J. M. Marshall, and H. Mai shall luniself swore he had no such authority. The motion was, therefore, properly overruled.
III. The circuit court overruled a motion for a new trial, and the appellants exiepted.
The proof justified tiie verdict. The statute of limitatations cud not apply. The alleged, surprise at the rejection by the court oí a copy from the sur *318 veyor’s book furnished no cause for a new trial — 1st. because such surprise would not be, in itself, sufficient — and 2nd. because the copy, if it had been adjrsitted, could not have had any legitimate tendency, iu ^,<5 remotest degree, to defeat the action.
, Sanders, for appellants; Brown, for appellee.
Wherefore the judgment must be affirmed, J